ALEX. WHITE ET AL. *v.* W. F. MARTIN, SHERIFF.

TAXES. *Delinquent poll taxes. Sale of debts. Wages. Code* 1892, § 3826.
    Debts due to laborers for wages are subject to sale for delinquent poll taxes, under § 3826, code 1892; debts that are exempt from garnishment by a creditor not being exempt from taxation.

FROM the chancery court of Grenada county.

HON. B. T. KIMBROUGH, Chancellor.

The nature of the case is sufficiently stated in the opinion of the court.

*Slack & Mitchell,* for appellant.

1. As to the position that daily wages are not taxable property in Mississippi we lay down these propositions:

(*a*) Wages are in the nature of incomes, and are not property in the sense in which this term is used in our tax laws. We

have no income tax laws in this state, and no tax upon wages, which are included in the term "income." Even in those states in which incomes are taxed, the daily earnings of laborers are not included in the operation of the statutes. Cooley on Taxation (2d ed.), 29.

(*b*) There are two kinds of exemption from taxation—one is where the state has not chosen to assert her power to tax, and the other is where this power has been specified in general terms, and particular subjects of taxation, which would otherwise have been included in these general terms, have been specially exempted from the operation of these general statutes. We submit that the wages of laborers, if not included in the latter, are certainly included in the former class of exemptions, since there is no law in Mississippi which specifically imposes a tax on wages. On the contrary, there are laws to protect, and it has always been the policy of this state to protect them from liability of every kind. Cooley on Taxation (2d ed.), 173, 266, 267.

(*c*) Wages could not be properly included under the head of " indebtedness to party assessed which he regards as probably collectible," for the reason that wages are not debts in the sense in which the word is here used, and for the further special reason, in this particular instance, that the wages were not in existence at the date of assessment. Requirements as to separate assessment of different kinds of property are for the benefit of the taxpayer, and are therefore mandatory. 20 Mich., 384; 13 R. I., 675.

The history of the legislation in reference to a particular subject-matter may be referred to as tending to aid in the construction of the statute. *Ratliff* v. *Beale*, 74 Miss., 247; *Savannah* v. *Hartridge*, 8 Ga., 23. It is a matter of history that there has never been an attempt to assess wages of laborers for taxes under our tax law. Neither could wages be assessed under the head of " all other personal property not otherwise mentioned," since clauses of this sort are limited to property of a like kind as that which has just been enumerated. It can-

not be held to include wages of laborers, which is property of an entirely different nature and kind.    We quote from 25 Am. & Eng. Enc. L., 103, 104, and note, under the subject "Taxation": "The term property, as used in some of the statutes, has been held not to include credits, investments or money, but to apply to visible property only."

2. In support of our position that these wages could not be subjected to the payment of poll taxes in this state of case, although we admit that as a general proposition they might be liable to taxation, we submit the following propositions, which we think sound and conclusive of the matter:

(*a*) These wages were not in existence at the time specified by law to make them subject to taxation and assessment.    They certainly could not have been taxed as the property of appellants for the years 1896 and 1897, since assessment is a necessary prerequisite to taxation, and since the law fixes February 1 of each year as the date upon which liability for taxes of that year attaches, and it was impossible to assess them for these years, as they did not have even a potential existence until after February 1, 1897, and, moreover, there was no reasonable probability of their continued existence as the property of appellant until the next succeeding February, since appellants allege in their bill that they had nothing except these daily wages upon which to support themselves and families.    In this connection, we cite the case of *Pueblo Co.* v. *Wilson*, 5 Col., 90, where it was held that property not *in esse* upon the date of assessment cannot be assessed.    Now, if these wages could not be assessed for taxes, we cannot conceive how it would be possible to hold them liable to taxation in appellant's hands, since assessment is a necessary prerequisite.

(*b*) Under the provisions of § 3826, code of 1892, wages due delinquent taxpayers can only be reached by notices in the nature of garnishment writs, if at all, and the state stands upon the same footing with any other garnisheeing creditor, except that she is not required to obtain judgment before issuing these notices or garnishments.

It is conceded that these wages would have been exempt from execution or garnishment issued in behalf of an ordinary judgment creditor.

(*c*) The whole policy of our laws is to throw every possible protection about these hard-earned wages of laborers, and to permit them to be used for the support and maintenance of themselves and their families.

But, to sum up, we think that, in view of all these facts, we can safely assert that § 3826 of the code was not intended to subject wages of laborers to the payment of their poll taxes, as is here attempted to be done, but that it was designed to reach evidences of indebtedness such as loans, notes, mortgages, judgments and other liens, which have by some means escaped assessment. This is clearly evident from the provisions of the next section (§ 3827), which gives the owner of such indebtedness six months in which to redeem his property. What would have been the sense in providing that the purchaser of wages due to the amount of, say, five dollars, should hold these for six months in order that the owner might redeem them? It would be practically equivalent to swapping dollars, and would reduce the law to an absurdity. But if we are wrong in this position, and if this § 3826 can be held to include wages, then we maintain that it is unconstitutional and void in so far as it authorizes the collection of delinquent polls by forced sale of the wages of laborers, since it would be equivalent to subjecting nontaxable property to the payment of poll taxes against the will of the owner, and would, in effect, defeat the purpose of the constitutional convention by forcing a large number of persons to qualify themselves as voters. *Ratliff* v. *Beale*, 74 Miss., 247.

*Robertson Horton*, for the appellee.

It is true that the state constitution says that poll taxes '' shall be a lien only upon taxable property '' (Const. 1890, sec. 243), but that provision is wholly irrelevant to the matter in hand.

The debts due to complainant are mere choses in action, and not subject to any lien, and are, moreover, taxable property under our law. All property not specifically mentioned therein as exempt is taxable under the statute, and debts for wages are not so mentioned. Laws 1896, p. 65. The fact that they are exempt from ordinary garnishment by a creditor, does not affect their liability to sale for delinquent poll taxes under § 3826, code 1892. *Ratliff* v. *Beale*, 74 Miss., 247, is without application in this controversy.

TERRAL, J., delivered the opinion of the court.

Alex. White and twenty-five others filed their bill of complaint in the chancery court of Grenada county against W. F. Martin, tax collector, of said county, alleging themselves to be day laborers, resident citizens of said Grenada county, who have no taxable property, and are employes of the Mississippi Cotton Oil Company at fixed daily wages, ranging from $6 to $9.50 per week, payable at the end of each week; that said Cotton Oil Company owes said complainants severally for their wages for the week ending February 20, 1897, and that said tax collector is proceeding under § 3826, code 1892, to collect the poll taxes due by the complainants to the state of Mississippi by a sale of the debts due them severally and respectively from said Cotton Oil Company for said week ending February 20, 1897; and they asked and obtained an injunction against the sale of their said debts by said tax collector. The chancellor, upon the hearing, dissolved the injunction, and rendered a decree for taxes, damages, and costs, and the complainants appeal.

We are of the opinion that the debts due complainants from the Cotton Oil Company for daily wages may be sold by the tax collector, under § 3826, code 1892, to pay the taxes due from complainants to the state. We do not regard *Ratliff* v. *Beale*, 74 Miss., 247, as covering this case. All debts of every kind are taxable under our code, as we construe it, and hence may be levied upon for the payment of taxes. The claim of these

laborers (the complainants) does not come within the letter of the statute. They have nothing to stand upon except the strict letter of the law, and that is against them.

*The decree of the chancery court is affirmed, and the appeal is dismissed at the costs of the appellants.*